IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CECIL GLENN PICKENS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0075 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY
### PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner CECIL GLENN PICKENS has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the revocation of his parole by the Texas Board of Pardons and Paroles. Respondent RICK THALER filed an Answer requesting petitioner's claims be denied and his habeas application be dismissed with prejudice. For the reasons hereinafter expressed, the Magistrate Judge recommends PICKENS' application for federal habeas corpus relief be denied on the merits.

I.
PROCEDURAL HISTORY

On March 22, 1984, in Cause No. 43356, out of the 252nd District Court, Jefferson County, Texas, petitioner was convicted of burglary of a habitation and sentenced to ninety-nine years imprisonment. *Ex parte Pickens*, Application no. 14,948-01 at 22-23. Because petitioner challenges issues related to the revocation of his conditional release, a procedural history of the burglary case is not necessary.

On November 3, 1999, petitioner was released to mandatory supervision (Parole

Revocation Packet at 11). On March 27, 2006, a parole[1] revocation hearing was held before a hearing officer at the Jefferson County Jail. That same date, the hearing officer entered a Revocation Hearing Report setting out fact findings and conclusions of law and recommending petitioner's parole be revoked.[2]

Petitioner's parole was revoked on March 30, 2006 (Parole Revocation Packet at 1). On August 25, 2006, petitioner filed an application for a writ of habeas corpus challenging the decision of the Texas Board of Pardons and Paroles to revoke his parole. *Ex parte Pickens*, No. WR-14,948-04 at 15. The application was dismissed October 11, 2006 as noncompliant with Texas Rule of Appellate Procedure 73.1. *Id.* at cover. Petitioner filed a second application on December 13, 2006. *Ex parte Pickens*, No. WR-14,948-05 at 14. That application was denied without written order on March 28, 2007. *Id.* at cover.

On April 20, 2007, petitioner filed with this Court the instant application for federal habeas corpus relief challenging the validity of the March 27, 2006 revocation hearing. An Order to Show Cause directing respondent to answer petitioner's habeas application was entered and, after a grant of an extension, respondent filed an Answer on July 10, 2007.

## II.
## PETITIONER'S ALLEGATIONS

By his May 14, 2007 Supplement to Petition for a Writ of Habeas Corpus, petitioner appears to define his claim that he is being held in violation of the Constitution and laws and treaties of the United States as follows:

---

[1] With respect to the laws governing revocation, release to mandatory supervision is akin to release on parole. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).

[2] The Parole Officer recommended non-revocation action in the form of committal to an intermediate sanction facility.

1.  Petitioner's parole revocation was improper;

2.  There was no evidence or insufficient evidence to support the revocation decision;

3.  The hearing officer abused her discretion; and

4.  The ruling by the Texas Court of Criminal Appeals was not on the merits or based on the records.

### III.
### EXHAUSTION OF STATE COURT REMEDIES

By his July 25, 2007 Reply to the State's response, petitioner clarifies his allegations, stating he is challenging the procedure employed in his hearing, and the State Court decision was contrary to and could not have been supported by the record. Thus, it appears petitioner is attempting to show the fourth ground set forth above is simply an attempt to phrase a challenge to the procedures utilized during his parole revocation hearing within the context of 28 U.S.C. § 2254(d), not as an independent ground.

Nevertheless, to the extent petitioner is asserting an independent challenge that the state habeas proceedings were infirm, respondent cites petitioner's federal petition at page 8 and argues petitioner has failed to satisfactorily exhaust all available state court remedies on that claim as required by 28 U.S.C. § 2254(b), (c). Respondent also addresses petitioner's remaining claims, contending they are without merit.

The undersigned Magistrate Judge has reviewed the state petition for a writ of habeas corpus and is of the opinion that, to the extent petitioner is attempting to assert a separate claim that the State habeas proceedings were infirm, petitioner has not presented this claim to the highest court of the State of Texas and, therefore, has not exhausted available state court remedies on this issue.

Accordingly, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that, as to Ground 4, the application for a writ of habeas corpus filed by petitioner should be dismissed for failure to exhaust.

Additionally, the Court notes that errors of state law which fail to implicate federal constitutional rights do not provide a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). Infirmities in state habeas proceedings do not state a claim for federal habeas corpus relief. *Henderson v. Cockrell*, 333 F.3d 592, 606 (5th Cir. 2003). Therefore, and in any event, this ground is also subject to denial on the merits.

As to the remaining three grounds asserted by petitioner, the State does not argue petitioner has failed to exhaust administrative remedies as to these grounds, which are addressed below.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner's state habeas application relating to Cause No. WR-14,948-05 was denied by the Texas Court of Criminal Appeals without written order on March 28, 2007. *Ex parte Pickens* App. No. 14,948-05, at cover. Therefore, the ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

GROUNDS 1, 2, AND 3
Improper Parole Revocation, No Evidence or Insufficient Evidence, and Abuse of Discretion

In his three remaining points, petitioner argues the hearing officer abused her discretion by utilizing hearsay evidence which violated his right of confrontation and cross-examination, producing a result that is not supported by any or by insufficient evidence.

In *Morrisey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held a parolee is entitled to certain due process before suffering final revocation of his parole, including a hearing at which the parolee has "an opportunity to be heard and to show, if

he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrisey*, 408 U.S. at 488, 92 S.Ct. at 2603. The revocation procedure must include the following:

1. written notice of the violations charged,

2. disclosure to the parolee of the evidence against him,

3. the opportunity to be heard in person and to present witnesses and documentary evidence,

4. the right to confront and cross-examine adverse witnesses unless the hearing officer finds good cause for disallowing such confrontation,

5. a neutral and detached hearing body, and

6. a written statement by the factfinders identifying the evidence and reasons supporting the revocation decision.

*Morrisey*, 408 U.S. at 489, 92 S.Ct. at 2604.

By his May 14, 2007 Supplement to his petition for writ of habeas corpus, petitioner makes it clear that he feels Ms. Smalski should have been called to testify. Further, he states he "knew both Ms. Smalski and Ms. Cobb, having spent some months in the center, and petitioner truly believe everything grew from the evilness of Ms. Cobb, but petitioner was not allowed to show that Ms. Smalskiki [sic] was just going on what she was told before she made those charges." Since the only charge petitioner denied at his Revocation Hearing was Failure to Attend Intensive Substance Abuse Treatment, 3/6/06, the Court understands petitioner's argument to be in reference to that charge and the final decision of revocation. It appears to be Ms. Cobb's account of the substance of petitioner's conversation with Ms. Smalski that petitioner challenges as hearsay, *i.e.*, (1) that he "advised that he wanted to reschedule his appointment, because he had been drinking alcohol"; and (2) that "SMALSKI [upper case in the

original] rescheduled his appointment for 3/7/06." Petitioner's Parole Revocation Packet at page 4, attached to Respondent's Answer. Petitioner claims that, since he was not able to cross-examine Ms. Smalski, "he was denied the opportunity to show a prototypical form of bias, 'trusting the person at work,' by subjecting it to rigorous testing in the context of an adversary proceeding . . ."

The Court notes respondent's argument that petitioner admitted to three of the four parole violations charged; however, the Fifth Circuit has stated that "a probationer's admission that he violated the terms of probation does not entitle him to less due process than a probationer who contests the asserted violations. Even a probationer who admits the allegations against him must be given an opportunity to 'explain away the accusation' and to offer mitigating evidence suggesting that the violation doesn't warrant revocation." *Williams v. Johnson*, 171 F.3d 300, 305 (5th Cir. 1999)(quoting *United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988). Therefore, even a parolee who has admitted the violation of a parole condition has a qualified right to confront and cross-examine witnesses and present evidence in support of mitigation, without transforming the revocation hearing into a full-scale trial. *Id*. at 305 (referencing *Morrissey*, 4078 U.S. at 489, 92 S.Ct. at 2604).

Petitioner does not assert, nor does he point to any proof in the record, that he ever requested the attendance of Ms. Smalski. Instead, petitioner cites *Belk v. Purkett*, 15 F.3d 803 (8th Cir. 1994) for the proposition that he was not required to request the presence of the adverse witnesses; that it was the responsibility of the State to produce them for the hearing. The Court notes petitioner did not request a preliminary hearing and he did not write and request that Ms. Smalski be present at the March 27, 2006 revocation hearing, though he received written notice of the charges on March 11, 2006, more than two weeks before the hearing.

*Belk* can be distinguished in that, unlike the situation in *Belk*, petitioner's own testimony at the Revocation Hearing actually corroborates the hearsay testimony he challenges. For all his argument concerning the importance of the opportunity to cross-examine and challenge the hearsay evidence, petitioner does not state what he would have attempted to show by such cross-examination or show how it would have affected either the determination that he had violated his parole conditions or the decision to revoke his parole.

Even assuming *arguendo* that petitioner had a right to the presence of Ms. Smalski and could silently expect the State to produce her, this Court may not grant habeas relief unless the error at issue "'had substantial and injurious effect or influence in determining'" the proceeding's outcome. *Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir. 1999)(citing *Brecht v. Abrahamson*, 507 U.S. 619, 623w, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)). In *Williams*, the Fifth Circuit noted both the Supreme Court and itself "have likened this harmless-error standard to a requirement that the error have resulted in actual prejudice." *Williams v. Johnson*, 171 F.3d at 307 n.9. Petitioner has utterly failed to show the State's failure to produce Ms. Smalski as a witness contributed to the revocation decision or prejudiced him in the final analysis.

At the Parole Revocation Hearing, petitioner testified, in relevant part, that, on March 6, 2006, he had an appointment to report to his Parole Officer and enter treatment. He stated he called the treatment center at 9:45 a.m. because he did not know what time he was supposed to go into treatment. Petitioner stated he spoke with Mrs. Cobb and asked what time his arrival appointment was because he had a 10:00 a.m. appointment with his parole officer. Petitioner testified he was instructed to wait at home and Ms. Smalski would call him back. He

said Ms. Smalski returned his call about an hour later and petitioner admitted at that time that he had been drinking beer. Petitioner testified Ms. Smalski told him he could not enter treatment under the influence of alcohol. He stated he did not remember Ms. Smalski telling him to come in the following day, March 7th, but testified his memory may be incomplete because he was under the influence. Petitioner further testified that, on March 4, 2006 and March 5, 2006, he "used beer, wine, pain pills that he received from an associate, and cocaine in order to deal with his problems." Petitioner's Parole Revocation Packet at page 5, attached to Respondent's Answer.

      Petitioner's own testimony at his Revocation Hearing is sufficient, without reference to any challenged hearsay contained in Mrs. Cobb's testimony, to show he informed Ms. Smalski that he had consumed one or more alcoholic beverages that day. In fact, petitioner admitted to the Hearing Officer that he was "under the influence" when he spoke with Ms. Smalski and, therefore, might not remember everything she said to him. Further, petitioner stated Ms. Smalski informed him he could not enter treatment under the influence of alcohol. While petitioner testified he did not remember being instructed to report to treatment the next day, he did not testify that those were not Ms. Smalski's instructions. He simply said he did not remember.

      There is nothing in the record before the Court to support a conclusion that the State's failure to produce Ms. Smalski contributed to the Hearing Officer's recommendation and the Reviewer's decision of revocation. *Accord Williams*, 171 F.3d at 307. Any error which may have resulted from petitioner's inability to have Ms. Smalski testify was harmless. Review of the parole revocation papers reflects any admission of hearsay evidence was harmless, that the evidence was sufficient to revoke, and that the parole hearing officer did not abuse her discretion.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner CECIL GLENN PICKENS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of July, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).